**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **TYRA COOK ET AL** | **CIVIL ACTION NO. 24-679** |
| **VERSUS** | **JUDGE EDWARDS** |
| **ROSS STORES INC** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion for Summary Judgment (R. Doc. 58) filed by Ross Stores, Inc., d.b.a. Ross Dress for Less Store #0646 ("Defendant"). Tyra Cook, on behalf of her minor daughter Kaitlyn Robinson, ("Plaintiff") opposes. *See* R. Doc. 60. Defendant did not file a reply, and the time for doing so has run. *See* R. Doc. 59.

Having carefully considered the parties' memoranda and the applicable law, the Motion is **DENIED**.

## BACKGROUND

This case arises from an incident in which a rug fell from Defendant's display and struck Kaitlyn Robinson ("Ms. Robinson"). On September 17, 2022, Ms. Robinson was shopping at Defendant's store. *See* R. Doc. 60 at 5–6. While shopping, she was pushing the shopping cart alongside a rug display, in which the rugs were displayed vertically. *See id.* at 6; *see also* R. Doc. 58-8 at 0:00:08–0:00:16. At the same time, another customer was handling a rug from the same rug display. *See* R. Doc. 58-8 at 0:00:01–0:00:26. This customer then replaced the rug on the display. *See id.* at 0:00:23–0:00:26. When the customer replaced the rug, another rug on the opposite

side of the display fell and struck Ms. Robinson on the head. *See id.* at 0:00:24–0:00:30.

The store manager at the time of the incident, Karen Living ("Ms. Living"), submitted an incident report. *See* R. Doc. 60-2. Ms. Living reported that another "customer pushed one of the rugs[,]" and "the rug fixture was not locked at the time" of the incident. *See* R. Doc. 60-2 at 3. Plaintiff's expert Nicholas Musso ("Mr. Musso") stated that the rug display included "Lift Up" bars to secure the rugs from falling from the display. *See generally* R. Doc. 60-3. The "Lift Up" bar that was supposed to secure the rug in question was not closed and, thus, did not secure the rug from falling. *See id.*; *see also* R. Doc. 58-8 at 0:00:24–0:00:28. Defendant's current manager, Dwight Towner ("Mr. Towner"), also confirmed that the "Lift Up" bar "must have been open" for the rug to fall from the display. *See* R. Doc. 58-9 at 22. Mr. Towner recognized a problem with customers improperly returning the rugs to the display. *See id.* at 14. Specifically, according to Mr. Towner, some customers failed to replace the rugs in the display or secure them with the "Lift Up" bar, causing the rugs to "easily fall." *See id.*

Based on these events, on July 17, 2023, Plaintiff, on behalf of Ms. Robinson, sued Defendant in the 14th Judicial District Court for Calcasieu Parish, asserting negligence claims under the Louisiana Merchant Liability Act ("LMLA"), La. R.S. § 9:2800.6. *See* R. Doc. 1-4. Defendant removed the case to this Court on May 21, 2024, *see* R. Doc. 1, and now moves for summary judgment seeking dismissal of Plaintiff's claims. *See* R. Doc. 58.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the evidence shows “that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed. R. Civ. P. 56(a). “Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.” *Hyatt v. Thomas,* 843 F.3d 172, 177 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). “A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the [non-movant].” *Id.* (internal quotations omitted). In reviewing the evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.” *Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 150 (2000). The district court will not “evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes.” *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (citations omitted).

“[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.” *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (cleaned up). “The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support

for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

**ANALYSIS**

The LMLA governs our analysis. It "imposes a duty of care on a merchant to those lawfully on its premises, 'to keep the premises free of any hazardous conditions which reasonably might give rise to damage.'" *Haley v. Wal-Mart, Inc.*, No. 24-851, 2025 WL 2808501, at *2 (W.D. La. Oct. 2, 2025) (quoting La. R.S. § 9:2800.6(A)). While § 9:2800.6(B) includes a heightened burden for slip and fall cases, that burden is inapplicable to falling merchandise cases. *See Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 11/28/00) (citing *Smith v. Toys "R" Us, Inc.*, 754 So. 2d 209, 212 n.2 (La. 11/30/99)).

To prevail in a falling merchandise case, a plaintiff "must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident." *Id.* (citation modified). Circumstantial evidence can be sufficient. *See Smith*, 754 So. 2d at 213–14. "[T]he inferences drawn from the circumstantial evidence must cover all the necessary elements of negligence, and the plaintiff must still sustain the burden of proving that his injuries were more likely than not the result of the defendant's negligence." *Id.* (citation modified).

The thrust of Defendant's Motion centers on the second prong in *Davis. See* R. Doc. 58-4 at 6–7. That is, Defendant contends that Plaintiff cannot prove that another

customer did not cause the rug to fall. *See id.* at 7. To a lesser extent, Defendant asserts that Mr. Musso's expert testimony is not relevant because he does not address the second *Davis* prong and that his design defect testimony does not bear on the issues before the Court. *See id.* at 11–12. Lastly, Defendant avers that Plaintiff has failed to establish notice of prior and similar incidents. *See id.* at 13–14. We discuss each.

First, we begin with Defendant's emphasis on the second prong in *Davis*. In Defendant's view, we "need not reach the question of whether [its] display method was unreasonably dangerous" because Plaintiff cannot establish that another customer did not cause the rug to fall. *See* R. Doc. 58-4 at 11. Plaintiff disagrees. Plaintiff asserts that Defendant's position "would absolve merchants from any responsibility" and contradict the third *Davis* prong. *See* R. Doc. 60 at 13–14.

Defendant cites to *Humphrey v. Wal-Mart Stores, Inc.*, 16 So. 3d 1252 (La. App. 2 Cir. 8/19/09) and *Hodges v. J.C. Penney Corp.*, 900 So. 2d 966 (La. App. 5 Cir. 3/29/05). Both are inapposite. In *Humphrey*, the court held that plaintiff failed to produce evidence of causation. *See* 16 So. 3d at 1255. And *Hodges*, too, found summary judgment appropriate when the plaintiff lacked evidence as to causation, specifically as to whether the display was improperly loaded. *See Hodges*, 900 So. 2d at 968. Here, to the contrary, Plaintiff has presented evidence that the rug was displayed in a precarious manner. For instance, the display was equipped with a "Lift Up" bar to secure the rugs from falling. *See* R. Doc. 58-9 at 18; *see also* R. Doc. 60-3 at 4. At the time of the incident, the "Lift Up" bar was not securing the rug that struck Ms.

Robinson. *See* R. Doc. 60-2 at 3; *see also* R. Doc. 58-9 at 22. Had the rug been secured by the "Lift Up" bar, it may not have fallen. This supports an inference that Defendant was negligent in failing to properly secure its merchandise, thereby creating an unreasonable risk to its customers. *See Stirgus v. Dillard Dep't Store, Inc.*, No. 17-11645, 2018 WL 4634971, at *4 (E.D. La. Sept. 27, 2018) (denying merchant's summary judgment because factual issue remained as to whether merchandise was adequately secured).

Defendant also relies on *Thi Ngo v. Walmart Inc.*, 304 So. 3d 593 (La. App. 5 Cir. 10/5/20), *writ denied*, 308 So. 3d 709 (La. 1/12/21), asserting the general principle that a court need not concern itself with the third *Davis* prong if a plaintiff is unable to show that another customer did not cause the incident. *See* R. Doc. 58-4 at 11. The court in *Thi Ngo* found that another customer was the sole cause of the incident by not returning a rug to its display. *See Thi Ngo*, 304 So. 3d at 595. These are not the facts before us, however. And the court in *Thi Ngo* cautioned so: "If the facts had shown that removal of one rug caused some other rug in the display to fall on Ms. Ngo, our analysis might be different…." *See id.*

We, too, must be cautious because if we "effortlessly cast blame on customers whenever they reach for a product, and something else falls, it instantly rids 'any inquiry as to causation.'" *Smith v. Walmart Inc.*, No. 23-1085, 2024 WL 5453480, at *3 (W.D. La. Nov. 26, 2024) (quoting *Jackson v. Brookshire Grocery Co.*, 11 So. 3d 741, 744 (La. App. 3 Cir. 6/3/09)). "[E]ven where a customer takes a physical action that causes merchandise to fall, the merchant remains liable if the shelving and storage

procedures are unreasonably dangerous based on the reasonably foreseeable behaviors of customers." *Rule v. Wal-Mart Louisiana, LLC*, No. 23-1664, 2025 WL 479401, at *3 (W.D. La. Feb. 11, 2025); *see Cormier v. Lowes Home Center, LLC*, No. 25-249, 2026 WL 2137347, at *2 (W.D. La. July 24, 2026) (citing *Bazar v. Home Depot USA, Inc.*, 2010 WL 11575046, at *2 (M.D. La. Jun. 9, 2010) (collecting cases)). "And where a merchant expects its customers will remove merchandise, a merchant can be negligent for failing to take 'appropriate measures to prevent … foreseeable accident[s].'" *Rule*, 2025 WL 479401, at *3 (citing *Bazar*, 2010 WL 11575046, at *2). Therefore, a customer's interaction with the merchandise does not, by itself, absolve a merchant of liability where a plaintiff produces evidence that the merchant failed to exercise reasonable care.

Second, as to Mr. Musso, while he did not address the other customer's actions, he did assess Defendant's display, its "Lift Up" bar, and the expected interactions customers would have with the rugs. *See* R. Doc. 60-3 at 2. He concluded, *inter alia*, that Defendant should have routinely inspected the rug display to ensure that rugs were returned safely once removed. *See id.* He also stated that rugs can fall from the display when the Lift Up bar is not returned to its closed position. *See id.* at 2–3. Further, as video surveillance and the incident report confirm, the "Lift Up" bar was not closed before the rug struck Ms. Robinson. *See* R. Doc. 58-8 at 0:00:24–0:00:28; *see also* R. Doc. 60-2 at 3. Thus, Mr. Musso's testimony is relevant to whether Defendant caused the rug to fall.

Third, Defendant's notice argument fails. As indicated above, § 9:2800.6(A)—not § 9:2800.6(B)—is applicable to this case. *See Davis*, 774 So. 2d at 90. A plaintiff in a falling merchandise case need not establish constructive notice, as is required in slip-and-fall cases. *See Free v. Wal-Mart Louisiana LLC*, No. 17-01261, 2019 WL 5783915, at *2 (W.D. La. Nov. 5, 2019), *aff'd sub nom. Free v. Wal-Mart Louisiana, L.L.C.*, 815 F. App'x 765 (5th Cir. 2020) (citing *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 9/9/97)).

Plaintiff offers evidence directing fault to Defendant. Plaintiff argues that the rug should have been secured by the "Lift Up" bar. *See* R. Doc. 60 at 21. This is further supported by Mr. Towner's recognition that the rugs could "easily fall" without being secured by the "Lift Up" bar. *See* R. Doc. 58-9 at 14. Defendant does not attempt to refute Plaintiff's position because, again, it focuses exclusively on *Davis'* second prong. *See* R. Doc. 58-4 at 10–15. Regardless, whether the rug was placed in a precarious manner by not being secured by the "Lift Up" bar is a factual question that a jury must decide. *See Stirgus*, 2018 WL 4634971, at *4; *see also Cullivan v. Wal-Mart Stores Inc.*, No. 17-840, 2018 WL 1368333, at *4 (W.D. La. Mar. 16, 2018).

Once a plaintiff makes out a prima facie case, the merchant "has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures." *Davis*, 774 So. 2d at 90 (citation omitted). Because Defendant disputes a need to rebut Plaintiff's claim at all, asserting that *Davis'* second prong forecloses our analysis, it "provides no rebuttal evidence of its reasonable care." *Ziegler v. Walmart Stores, Inc.*, No. 24-

246, 2024 WL 4216052, at *4 (E.D. La. Sept. 17, 2024); *see Smith*, 754 So. 2d at 215 (a merchant's duty includes placing merchandise safely, replacing merchandise that has been moved, and periodically inspecting displays to ensure that merchandise remains in a safe position); *see also Kaufman v. Wal-Mart Stores, Inc.*, No. 16-10446, 2017 WL 2653076, at *4 (E.D. La. June 20, 2017) (denying summary judgment where defendants failed to present evidence of reasonable care, "such as evidence of their inspection procedures, their method for training their employees on such inspection procedures, or any testimony of their employees with respect to an employee's responsibility to properly re-shelve merchandise that may have been moved"). But, even if it did, at this stage, such rebuttal evidence must be an undisputed fact. *See Ziegler*, 2024 WL 4216052, at *4 (citing *Triplett v. DG Louisiana, LLC*, No. 19-11896, 2020 WL 2219492, at *4 (E.D. La. May 7, 2020)). And the evidence is far from undisputed. *See* R. Doc. 60 at 10–11, 14–22.

A question of fact remains as to whether the rug fell because a customer caused it to fall or because the rug was displayed in a precarious manner. *See Rule*, 2025 WL 479401, at *3 (finding that a merchant can remain liable for presenting merchandise in an unreasonably dangerous manner even if a customer takes physical action to cause merchandise to fall). Because Plaintiff can make out a prima facie case under § 9:2800(A), and because Defendant has not attempted "to satisfy its burden of exculpating itself from fault by showing, as undisputed fact, that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures," summary judgment is denied. *See Triplett*, 2020 WL 2219492, at *4.

**CONCLUSION**

For the reasons set forth herein,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (R. Doc. 58) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 4th day of August, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**